UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DANIEL M. ORCUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-00260-DCLC |
| | ) | |
| THE HILL FARM PLLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Generally, scheduling orders will be entered by the Court after a telephonic scheduling conferences unless otherwise requested by the parties. It is therefore ORDERED:

1. As soon as practicable, but in no event later than 30 days from the first appearance of a defendant, or if that has already occurred, within 30 days of this order, the parties must confer, in a conference arranged by plaintiff's counsel, for the purpose of considering the nature and basis of their claims and defenses; for the purpose of discussing the possibility of a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all the matters addressed in sub-paragraphs (1) through (4) of Rule 26(f) and, in appropriate cases, to consider whether to consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c);[1]

2. Within fourteen (14) days of the conference required in paragraph 1 of this order, the parties must file a report of the parties' Rule 26(f) planning meeting which complies fully with

---

[1] Filed previously or along with this Order is a Notice from the Office of the Clerk regarding the availability of a Magistrate Judge to exercise jurisdiction and setting out the procedures to be followed: All parties should review this document carefully.

1

the requirements of Rule 26(f) using, in general, the format set out in Form 52 found in the Appendix of Forms.[2]  Should the parties disagree about an item, the respective position of the parties as to that item should be clearly set forth in separate paragraphs.

**The report shall contain:** **(1)** a synopsis of the case advising the Court of the general claims and defenses of the parties; **(2)** the parties' good faith certification as to when the case will be ready for trial (the parties should be aware that the case should be ready for trial not later than eighteen (18) months from the date of the filing of the report of their Rule 26(f) planning meeting; if the parties believe the case cannot be ready for trial within that time frame, the parties must state the circumstances fully in the parties' report); **(3)** the estimated length of trial; and **(4)** whether the parties do or do not consent to the exercise of jurisdiction by a magistrate judge.

At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media.  If so, the parties are directed to determine:

    i.    Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

    ii.    The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

    iii.    The format and media agreed to the parties for the production of such data as well as agreed procedures for such production;

    iv.    Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

---

[2] Form 52 was abrogated April 29, 2015, effective December 1, 2015.  However, prior versions of the form are still available.  *See* Fed. R. Civ. P. app. B, form 52 (abrogated 2015).

v. Whether there are other problems that the parties anticipate may arise in connection with electronic or computer based discovery; and

vi. The name of the person responsible for each parties document retention policies and the name of the individual through which discovery requests and responses to each party are to be made.

3. Upon receipt of the report required in paragraph 2, the Court will set a telephonic Rule 16(b) scheduling conference.

4. All attorneys appearing in this case are advised that all attorneys practicing in the Eastern District of Tennessee must register as electronic filing users and file their pleadings through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

5. By appearing in this case and practicing in this Court, each attorney or *pro se* party certifies to this Court that he or she has read and is prepared to fully comply with this Court's Local Rules and that he or she will read and comply with this Court's orders. Furthermore, an attorney who makes an appearance in this case certifies to the Court that he or she is prepared to represent his or her client in all proceedings in this case, including trial.

6. *Take Notice*: Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) may be dismissed without further order of the Court unless prior to such time the party on whose behalf such service is required show good cause why service has not been perfected. See Fed. R. Civ. P. 4(m).

**FAILURE TO COMPLY WITH ANY REQUIREMENT OF THIS ORDER MAY BE DEEMED A FAILURE BY PLAINTIFF TO PROSECUTE THE ACTION AND RESULT IN THE ACTION'S DISMISSAL. LIKEWISE, FAILURE BY DEFENDANT TO**

**COMPLY WITH THE REQUIREMENTS OF THIS ORDER OR TO MAKE A GOOD FAITH EFFORT TO COOPERATE WITH PLAINTIFF IN MEETING THE REQUIREMENTS OF THIS ORDER MAY SUBJECT DEFENDANT TO APPROPRIATE SANCTIONS OR THE ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF.**

SO ORDERED:

s/ Clifton L. Corker<br>
United States District Judge